13546

STATE *EX REL*, DANIEL, ATTORNEY GENERAL v. SOUTH-
ERN RAILWAY, CAROLINA DIVISION *ET AL.*, *EX PARTE*
ASBILL *ET AL.*

(167 S. E., 228)

*Messrs. John M. Daniel, Attorney General, Williams & Busbee* and *Timmerman & Graham,* for petitioner.

*Messrs. F. G. Tompkins, S. S. Alderman, W. T. Joyner, H. L. Walker* and *Douglas McKay,* for defendants.

January 3, 1933.

The opinion of the Court was delivered by Mr. Justice Bonham.

October 18, 1932, the Interstate Commerce Commission issued its order and certificate of public convenience and necessity in the proceeding styled Seivern & Knoxville Railroad Company 'et al., Abandonment Finance Docket No. 8982, by which order and certificate the Interstate Commerce Commission authorized and empowered the Southern Railway Company—Carolina Division—to abandon in interstate commerce, the line of the Seivern & Knoxville Railroad Company which extends from Perry in South Carolina to Batesburg in South Carolina, a distance of about twenty-five miles.

Upon the promulgation of the order of the Interstate Commerce Commission, the present action was begun on behalf of the State by the Attorney General with leave of this Court by the order of Mr. Justice Carter. The purpose of the action is to prevent the abandonment of the road from Seivern to Batesburg. On filing the complaint an order was had signed by Mr. Justice Carter to the effect that all things looking to the abandonment of the Seivern & Knoxville Railroad be discontinued until the further order of the Court; and that the Southern Railway Company—Carolina Division—and the Seivern & Knoxville Railroad Company show cause before this Court on December 12, 1932, why the prayer of the complaint should not be granted, and the abandonment of the railroad restrained.

At the hearing in this Court on December 12, 1932, the defendants moved the Court that the case be removed to the United States District Court for the Eastern District of South Carolina.

And this is the only question with which this Court is now concerned.

It appears from the record that the matter is one in which the Courts of the United States may have original jurisdiction; that the Interstate Commerce Commission, under and by authority of the several Acts of the Congress of the United States, may have exercised its right of jurisdiction in the premises.

It further appears that the movant has given the proper notices and bond in such case made and provided.

It is not necessary to cite authorities to show that it is the duty of this Court in these circumstances to remove the cause to the United States Court. That Court has the power, and in proper cases will remand the cause to the State Court.

It is the judgment of this Court that the case be removed to the District Court of the United States for the Eastern District of South Carolina, together with all of its records and exhibits.

CIRCUIT JUDGE C. J. RAMAGE, ACTING ASSOCIATE JUSTICE, and CIRCUIT JUDGE G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE, concur.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE CARTER concur in result.